THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EMMETT PERKINS, JR., Defendant-Appellant.

(No. 56998;

First District (4th Division)—May 9, 1973.

G. Michael Cooper, III, R. Eugene Pincham, and Charles B. Evins, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and James R. Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Emmett Perkins, Jr., was indicted in two counts for aggravated battery. Following a bench trial in the circuit court of Cook County, the defendant was found guilty and sentenced to a term of not less than one nor more than three years in the Illinois State Penitentiary.

The issues presented for review are: (1) whether the defendant was proven guilty beyond a reasonable doubt; (2) whether the trial court abused its discretion in denying the defendant's application for probation; and (3) whether the sentence imposed by the trial court was excessive.

On April 9, 1971, at approximately 9:30 P.M., the defendant, Emmett Perkins, Jr., and a friend entered a tavern known as Jimmy Mansfield's

Liquors at 6438 South Cottage Grove Avenue, Chicago. While in the tavern, the defendant telephoned his wife, Ruth, and asked her to join him there. Mrs. Perkins arrived soon thereafter and took a seat at the bar next to the defendant.

Robert Lamb, who had been drinking at another tavern, entered Jimmy Mansfield's Liquors at approximately 10:00 P.M. Lamb was acquainted with the defendant and his wife and joined them at the bar next to the defendant.

Robert Lamb, who had been drinking at another tavern, entered Jimmy Mansfield's Liquors at approximately 10:00 P.M. Lamb was acquainted with the defendant and his wife and joined them at the bar when they bought him a drink. After joining the defendant and his wife, Lamb took a seat next to Mrs. Perkins on her left, as opposed to the defendant who was standing on her right.

A short while thereafter, the bartender, William Martin, testified he heard a disturbance at the end of the bar where the Perkinses and Lamb were sitting. As he approached the spot where the disturbance was taking place, he heard the defendant raise his voice and then observed the defendant shoot Robert Lamb in the chest.

Both the defendant and his wife testified that Lamb had made certain improper advances toward Mrs. Perkins while he was seated next to her. When the defendant asked Lamb to desist, an argument arose culminating in Lamb pulling a knife and lunging at the defendant, whereupon the defendant drew a pistol and shot Lamb in the chest.

Robert Lamb testified the defendant became angry and shot him solely for the reason that Lamb had his arm around Mrs. Perkins' bar stool. In further testimony, Lamb admitted having a knife in his possession at the time of the incident; however, he denied pulling it on the defendant. The bartender, William Martin, also testified that he did not observe a knife in Lamb's hand as he approached the spot where the incident occurred; however, he did state the defendant told him immediately after the occurrence that Lamb had pulled a knife on him.

On the day subsequent to the incident, the defendant turned himself in at the Chicago Police Department. Thereafter, he was indicted in two counts of aggravated battery. Following a bench trial in the Circuit Court of Cook County, the defendant was found guilty and sentenced to a term of not less than one nor more than three years in the Illinois State Penitentiary, from which sentence he appeals.

The first issue presented for review is whether the defendant was proven guilty beyond a reasonable doubt. The defendant contends there was sufficient evidence of self-defense submitted during the course of the trial to leave a reasonable doubt of his guilt in the mind of the trial

court. In support of this contention the defendant refers to not only his testimony but also the testimony of his wife, wherein they each stated the defendant did not draw his gun and shoot Robert Lamb until after Lamb pulled a knife and lunged at the defendant. The defendant also refers to the direct testimony of the complaining witness, Lamb, wherein he admitted having a knife in his possession on the evening of the shooting but denied any attempt to use it. Finally, the defendant refers to a comment by the trial judge in his summation of the case, wherein he apparently expressed doubt as to the element of the complaining witness' knife when he stated: "There is one thing in this case that bothers me. A complaining witness admitted on direct examination that he does own and on the evening in question did carry a knife."

■■ The law in Illinois is well settled that the burden of proof never shifts to the defendant. Moreover, where a defendant pleads self-defense, it is sufficient to acquit him if his evidence on self-defense, when taken with all the other evidence in the case, creates a reasonable doubt of his guilt. (*People v. Williams*, 56 Ill.App.2d 159 (1965).) In the instant case, the defendant raised the issue of self-defense when both he and his wife testified he drew his gun and shot Robert Lamb only because he reasonably believed such action was necessary to defend himself against Lamb's knife. In view of this testimony, when considered in light of Robert Lamb's testimony wherein he admitted having a knife in his possession at the time of the incident but denied attempting to use it, we find it necessary to agree with the defendant's contention that the testimony as to his self-defense created, or should have created, a reasonable doubt of his guilt in the mind of the trial court. Since there was no positive testimony to the contrary, it appears the reasonable doubt as to the defendant's guilt remains in existence. We, therefore, reverse the judgment of the trial court finding the defendant guilty of aggravated battery.

Since the first issue discussed herein is dispositive of this entire appeal, we find no reason to discuss the other issues raised.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN, P. J., and ADESKO, J., concur.